Nathan G. Steele, OSB#004386
Email: ngs@steelefirm.com
Kari E. Hathorn, OSB#081410
Email: kari@steelefirm.com
The Steele Law Firm
125 NW Greeley Ave
Bend, Oregon 97703
Telephone: (541) 647-1812
Facsimile: (541) 647-1814
Of Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STORMIE R.L. VAN PATTEN, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES POSTAL SERVICE, an Independent Agency of the United States of America, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR PERSONAL INJURY ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

Stormie Van Patten ("Plaintiff") alleges:

1.

At all times material, Defendant's employee, Michael Patrick Ferry ("Ferry"), was a driver of a 2004 Chevrolet Suburban postal vehicle ("USPS Suburban") owned and operated by Defendant United States Postal Service ("USPS").

**1 – COMPLAINT FOR PERSONAL INJURY ACTION**

2.

At all times material, Ferry was an employee or agent of the USPS and was acting within the course and scope of said employment or agency. At all times material, Defendant USPS had control, or the right of control, over Ferry relative to said employment or agency. As such, Defendant is vicariously liable for all acts and/or omissions of negligence on the part of Ferry.

3.

On or about April 24, 2019, Plaintiff was driving a 2017 Kia Sorento southbound on 9th Street in Bend, Deschutes County, Oregon. At the same time, Ferry was driving the USPS Suburban eastbound on Wilson Street toward Plaintiff on 9th Street. As Plaintiff was driving through the intersection Ferry failed to stop at a stop sign and drove the USPS Suburban into the passenger side of Plaintiff's vehicle.

4.

As a result of Defendant's negligence, Plaintiff sustained serious and significant injuries, as alleged below.

## FIRST CLAIM FOR RELIEF

### (Count One: Negligence)

5.

Plaintiff realleges paragraphs 1 through 4 as though set forth fully herein.

6.

Defendant was negligent in the following particulars, each of which created a foreseeable and unreasonable risk of injury to Plaintiff:

(a)     Failure to keep a proper lookout;

(b)     Failure to exercise due care;

(c)     Failure to yield;

**2 – COMPLAINT FOR PERSONAL INJURY ACTION**

(d)    Failure to obey traffic control device; and

(e)    Failure to keep his vehicle under proper control.

7.

Defendant's negligence was a substantial factor in causing the accident and plaintiff's injuries. As a result of Defendant's negligence, plaintiff suffered the following foreseeable injuries:

(a)    Concussion with loss of consciousness;

(b)     Post-concussive syndrome;

(c)    Headaches;

(d)    Cervical strain;

(e)    Thoracic strain;

(f)    Susceptibility to re-injury to the injured areas; and;

(g)    Physical pain and suffering.

8.

As a further result of Defendant's negligence, Plaintiff has incurred medical and related expenses in the approximate amount of $21,276.04. Said amounts are subject to amendment before trial to conform to the evidence.

9.

As a further result of her injuries, Plaintiff was unable to work and sustained lost in income in the amount of $14,359.00, and incurred expenses associated with substitute services in the amount of $1,040.69. Said amounts are subject to amendment before trial to conform to the evidence.

10.

As a further result of Defendant's negligence, Plaintiff's vehicle sustained property damage in the approximate amount of $12,117.95.

**3 – COMPLAINT FOR PERSONAL INJURY ACTION**

11.

As a further result of her injuries, Plaintiff is entitled to an award of non-economic damages in an amount the jurors find to be appropriate, but not to exceed $100,000.

**(Count Two: Negligence *Per Se*)**

12.

Plaintiff realleges and incorporates by reference paragraphs 1 through 111 as though fully set out herein.

13.

Defendant owed Plaintiff, as a member of the general public, numerous statutory duties pursuant to Oregon Revised Statutes Chapter 811 that were in effect at the time of the subject accident on April 24, 2019. These statutory duties were designed to prevent the risk of harm to Plaintiff created by Defendant as described herein.

14.

Defendant was negligent *per se* in the following ways:

(a)    Careless Driving (statutory negligence, ORS 811.135);

(b)    Failure to obey traffic control device (statutory negligence, ORS 811.265); and

(c)    Violating the basic speed rule (statutory negligence, ORS 811.100).

15.

The damages caused by the negligence *per se* of Defendant are described more particularly above in paragraphs 7 through 11.

///

///

**4 – COMPLAINT FOR PERSONAL INJURY ACTION**

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

First Claim for Relief

(a)     Economic damages in the amount of $48,793.68;

(b)     Noneconomic damages in an amount to be determined by a jury not to exceed $100,000;

(c)     Plaintiff's costs and disbursements incurred herein;

(d)     Such other relief that the Court deems just and equitable.

DATED: November 16, 2020.

THE STEELE LAW FIRM, P.C.

By:     _____
Nathan G. Steele, OSB#004386
Kari E. Hathorn, OSB#081410
Of Attorneys for Plaintiff

**5 – COMPLAINT FOR PERSONAL INJURY ACTION**